UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WEST,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GLIDE FOUNDATION, et al.,<br><br>　　　　　　Defendants. | Case No. 21-cv-02370-EMC<br><br>**ORDER RE: CASE CLOSED** |

　　　　This Court makes all parties aware that this is CLOSED as to all Defendants, including prior named Defendants Glide Foundation and Karen Hanrahan.

　　　　On August 27, 2024, this Court entered the Stipulation of Dismissal and Order Dismissing Claims Against Certain Defendants. *See* Docket No. 143. In this Stipulated Order, the Plaintiff voluntarily dismissed his claims under Rule 41(a)(1)(A)(ii) due to a reached settlement with the following Defendants: Episcopal Community Services, Kathy Treeggiari (The name in the caption is incorrectly spelled Kathy Treeggiari; the correct spelling is Kathy Treggiari), Jarrell Brown, Emeke Nmeke (The name in the caption is incorrectly spelled Emeke Nmeke; the correct spelling is Emeka Nnebe), Dolores Street Community Services, Saul Hidalgo, Yesenia Lacayo, Steven Reus, City and County of San Francisco, Cathy Perdue, and all Parties that have appeared in the action. *Id*. at 1-2.

　　　　The Stipulation further noted "For the avoidance of doubt, Plaintiff does not voluntarily dismiss any claims against Defendants Glide Foundation or Karen Hanrahan." *Id*. at 2. However, those two Defendants are no longer in the case. Plaintiff previously included Karen Hanrahan and Glide Foundation as parties in the First Amended Complaint. Docket No. 31 (August 31, 2021).

On November 24, 2021, Plaintiff filed a motion for entry of default against Glide Foundation for "failure to plead or otherwise defend against this action in a timely manner" after being properly served pursuant to Federal Rules of Civil Procedure Rule 4. Docket No. 60 (November 24, 2021). On December 1, 2021, the Court entered the default as to the Glide Foundation. Docket No. 61. The Court did not, however, enter default judgement against this Defendant, so Glide Foundation remained part of the case. Importantly, when Plaintiff filed the Second Amendment Complaint, Karen Hanrahan and Glide Foundation were not included as named defendants. Docket No. 101 (September 20, 2022).

Though Defendants Glide Foundation and Karen Hanrahan were not included in the Court's Stipulated Order, Plaintiff's claims against these Defendants were already effectively dismissed as Plaintiff failed to include them in the Second Amended Complaint, the Operative Complaint herein. *See Jackson v. Med. Bd. of California*, No. 2:07-CV-02188-SVW-RZ, 2012 WL 13019955, at *11 (C.D. Cal. Apr. 19, 2012) ("This conclusion is consistent with the well-established rule in the Ninth Circuit that "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)) (citing Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial, § 8:1551 (Rutter Group 2011)) ("An amended complaint that drops a defendant named in the original complaint effectively dismisses that defendant from the action.").

The Court notes that on September 11, 2024, Plaintiff filed a status report noting he expects to file a default judgment motion against former Defendants Glide Foundation and Karen Hanrahan within the next 60 to 90 days, but this request comes too late. Docket No. 146.

//
//
//
//
//
//
//

Accordingly, this case is CLOSED.  All future status conference will be removed.

**IT IS SO ORDERED**.

Dated: September 11, 2024

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　EDWARD M. CHEN
　　　　　　　　　　　　　　　　　　United States District Judge